**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAROUT BAGDASARYAN; et al., | No.    17-56461 |
| Plaintiffs-Appellants, | D.C. No.<br>2:14-cv-06691-SJO-VBK |
| v. | |
| BAYVIEW LOAN SERVICING, LLC; M & T BANK, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted January 3, 2020**

Before:  GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Masis and Verzhin Bagdasaryan and their son Harout Bagdasaryan appeal

pro se the district court's judgment, following a jury trial, in their action alleging

violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692

*et seq.*, and California law against Bayview Loan Servicing, LLC, and M&T Bank.

---

        *        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiffs' claims stem from defendants' servicing of three Small Business Administration loans for the repair of commercial property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Spencer v. Peters*, 857 F.3d 789, 797 (9th Cir. 2017) (judgment as a matter of law), *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017) (dismissal under Fed. R. Civ. P. 12(b)(6) and legal determinations), *Gingery v. City of Glendale*, 831 F.3d 1222, 1226 (9th Cir. 2016) (dismissal for lack of standing). We may affirm on any ground supported by the record. *Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951, 974 (9th Cir. 2017). We affirm.

The district court properly dismissed Harout Bagdasaryan as a party because plaintiffs failed to allege that defendants caused him a cognizable injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (constitutional requirements of standing).

The district court properly dismissed the claim for Intentional Infliction of Emotional Distress ("IIED") because plaintiffs failed to allege that defendants engaged in outrageous conduct. *See Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (elements of an IIED claim under California law).

Judgment as a matter of law was proper on the fraud claim because plaintiffs failed to provide evidence of a misrepresentation by Bayview or of plaintiffs' reliance on any such misrepresentation. *See Vess v. Ciba-Geigy Corp., USA*, 317

2

F.3d 1097, 1105 (9th Cir. 2003) (elements of a fraud claim under California law).

The district court properly entered judgment for defendants on the claim alleging violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, because plaintiffs failed to provide evidence of any "unlawful, unfair or fraudulent business act or practice." *Id.*; *see Puentes v. Wells Fargo Home Mortg., Inc.*, 160 Cal. App. 4th 638, 644 (2008) (requirements for liability under the UCL).

Plaintiffs have not shown plain error in Jury Instruction 11, regarding the definition of consumer debt under the FDCPA. *See C.B. v. City of Sonora*, 769 F.3d 1005, 1016 (9th Cir. 2014) (standard of review); *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001) (explaining the definition of consumer debt under the FDCPA).

Plaintiffs have waived their remaining arguments by failing to raise them before the district court. *See Janes v. Wal-Mart Stores Inc.*, 279 F.3d 883, 887 (9th Cir. 2002) (this court will not consider matters raised for the first time on appeal).

**AFFIRMED.**